**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
                               )
           Plaintiff, )
                               )
                               )
      v.                )      Cr. ID No. 1403011294
                               )
EMMANUEL A. ROBINSON, )
                               )
          Defendant. )
                               )

Submitted: December 17, 2015
Decided: January 27, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.**

Christopher R. Parker, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Emmanuel A. Robinson, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se.*

PARKER, Commissioner

This 27th day of January 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On November 14, 2014, Defendant Emmanuel A. Robinson pled guilty to one count of Possession of Ammunition by a Person Prohibited. As part of the plea agreement, the State agreed to dismiss all of the remaining charges which included four counts of Possession of a Firearm by a Person Prohibited, four additional counts of Possession of Ammunition by a Person Prohibited, one count of carrying a concealed deadly weapon, one count of possession of drug paraphernalia, and one count of driving without a license.

2. Also as part of the plea agreement, the State agreed to cap its recommendation for Level V time to 5 years.

3. The charges resulted after a search warrant executed at Defendant's home uncovered four weapons and a number of different types of ammunition.[1] After his arrest, Defendant admitted to the police that he owned all the weapons and ammunition.[2] Defendant had previously been convicted of, among other things, possession with intent to deliver in New York and a robbery in Virginia.[3] Due to Defendant's criminal history, he was subjected to 10 years minimum mandatory at Level V on each of the weapon charges if convicted.[4] Defendant was facing 40 years of mandatory time at Level V, plus whatever additional sentences would be imposed for the other pending charges.

[1] November 17, 2014 Plea Colloquy, at pg. 8.
[2] November 17, 2014 Plea Colloquy, at pg. 9-10.
[3] November 17, 2014 Plea Colloquy, at pg. 8.
[4] See, 11 *Del. C*. §1448(e)(1)(c).

4. A colorable suppression issue existed regarding the issuance of the search warrant. Defendant's trial counsel was able to negotiate a favorable plea offer in light of the existing suppression issue. If, however, Defendant chose to reject the plea offer and litigate the suppression issue but did not prevail he would be facing well over 40 years of Level V time.[5] Given Defendant's admission of ownership of the weapons and ammunition, it would be difficult for Defendant to prevail at trial.

5. Based on the facts and existing risks and uncertainties, the parties negotiated a plea agreement whereby Defendant would plead guilty to one count of possession of ammunition by a person prohibited, all the remaining charges would be dismissed, the State would recommend that Defendant be sentenced to not more than 5 years at Level V, and the Defendant would seek a sentence of not less than 4 years at Level V.[6]

6. Following a pre-sentence investigation, Defendant was sentenced on May 1, 2015. At sentencing, the State recommended a 5 year sentence, Defendant's trial counsel argued for a 4 year sentence.[7] The court after evaluating the pre-sentence report, and conducting a hearing, sentenced Defendant to 8 years at Level V, suspended after 3 years at Level V for 2 years at Level IV, suspended after 6 months, for 18 months at Level III Gaudenzia New Journey program.

7. Defendant did not file a direct appeal to the Delaware Supreme Court.

8. On May 13, 2015, Defendant filed a motion for modification of sentence.[8] Defendant filed another motion for modification of sentence on May 18, 2015.[9] Those motions were consolidated for consideration. Defendant in his sentence modification

---

[5] November 17, 2014 Plea Colloquy, at pg. 8-10
[6] November 17, 2014 Plea Colloquy, at pg. 3; May 1, 2015 Sentencing Hearing, at pg. 3-4.
[7] May 1, 2015 Sentencing Hearing, at pg. 4-5, 10.
[8] Superior Court Docket No. 25.
[9] Superior Court Docket No. 26.

motions requested that the sentence be revisited and: 1) that he be placed in the Gaudenzia New Journey program as part of his Level IV sentence, and 2) that his sentence be modified from Level V time to Mental Health Court and/or shortened from 3 years at Level V to 2 years at Level V.[10]

9. By Order dated June 16, 2015, the Superior Court denied the motion for modification of sentence.[11] The court denied the motion for modification of sentence on the basis that the sentence was appropriate for all the reasons stated at the time of sentencing.[12] The court explained that it already considered all the arguments made by Defendant at the time of sentencing. Defendant admitted ownership of a number of guns. He had a criminal history which included violent felonies. The court was aware of Defendant's history of mental illness at the time of sentencing. In fact, as a special condition of Defendant's sentence he was required to receive a mental health evaluation and comply with all recommendations for counseling and treatment. The court stated that it had added the Gaudenzia New Journey program to the Level III probation to allow Defendant access to mental health treatment upon release from Level IV.[13]

10. On July 13, 2015, Defendant filed another motion for modification/reduction of sentence.[14] Defendant again requested that the court consider suspending the Level V portion of his sentence and placing him into the court's mental health program.[15] On October 26, 2015, the court again denied the motion for modification of sentence on the basis that the sentence was appropriate for all the reasons stated at the time of

---

[10] Superior Court Docket Nos. 25 & 26.
[11] Superior Court Docket No. 30.
[12] Superior Court Docket No. 30.
[13] Superior Court Docket No. 30.
[14] Superior Court Docket No. 32.
[15] Superior Court Docket No. 32.

3

sentencing.[16] The court noted that Defendant was not eligible for the court's mental health program due to his criminal history which included violent felony convictions. The court reiterated that it was aware of Defendant's mental health issues at the time of sentencing and that it had taken those issues into consideration when fashioning the sentence.[17]

## DEFENDANT'S RULE 61 MOTION

11. On May 27, 2015, Defendant filed the subject motion for postconviction relief.[18] Defendant filed an amended motion on October 16, 2015.

12. By letter dated July 2, 2015, Defendant requested that his Rule 61 motion be withdrawn.[19] He later changed his mind and advised the court, by letter dated July 21, 2015, that he wanted to proceed with motion.[20] The motion proceeded forward.

13. Before making a recommendation, the Commissioner enlarged the record by directing Defendant's trial counsel to submit an Affidavit responding to Defendant's ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion. Finally, Defendant was permitted to file a reply thereto.[21]

14. After briefing on the motion was almost complete, by letter dated October 16, 2015, Defendant again advised the court that he would like to withdraw his Rule 61 motion. Defendant stated that the reason he wanted to withdraw his Rule 61 motion was because he had also filed a motion for sentence modification and he "did not know you could not have these two motions at the same time."[22]

---

[16] Superior Court Docket No. 42.
[17] Superior Court Docket No. 42.
[18] Superior Court Docket No. 27.
[19] Superior Court Docket No. 31.
[20] Superior Court Docket No. 33.
[21] Super.Ct.Crim.R. 61(g)(1) and (2).
[22] Superior Court Docket No. 40.

4

15. Because Defendant was under the misimpression that two different motions could not be pending at the same time, and because he had sought to withdraw his Rule 61 motion once before and then changed his mind, the court denied Defendant's request to withdraw his motion.[23]

16. Briefing on the motion is now complete. Defendant's motion should be denied because it does not appear that Defendant's motion states a cognizable Rule 61 claim. To the extent that it does, the claims raised are procedurally barred as previously adjudicated and are without merit.

17. In the subject motion, Defendant claims that due to his counsel's ineffectiveness he was not placed into the court's mental health program. Defendant also seeks to have his Level IV time reduced or removed because it could interfere with future employment prospects.[24]

18. Although not a claim, Defendant states in his Rule 61 motion that he did not previously raise the two asserted claims stated above because the court did not allow him to speak after sentencing and because his counsel "coached" him into accepting a plea.

19. First, it does not appear that Defendant is seeking to set aside his judgment of conviction. Defendant's claims are requests for modifications to his sentence. As such, Defendant's motion does not state a cognizable Rule 61 claim. Defendant's Rule 61 motion is not the appropriate vehicle to seek the relief requested. A Rule 61 motion is only available to those seeking to set aside a judgment of conviction or a sentence of

---

[23] Superior Court Docket No. 44.
[24] Motion for Postconviction Relief filed May 27, 2015; Amended Motion for Postconviction Relief filed October 16, 2015.

5

death, and only where there is a sufficient factual and legal basis for a collateral attack on the conviction or capital sentence.[25]

20. Claims for sentence reductions and/or modifications are presented by way of Rule 35 motions. A defendant may not disguise an application for a modification of sentence by couching the request as a motion for postconviction relief.[26] Defendant has not stated a cognizable Rule 61 claim, and therefore, his motion should be dismissed.

21. Although it does not appear as if Defendant is seeking to set aside his conviction, for the sake of completeness the court will address Defendant's assertion that he was "coached" into accepting the plea. Any claim that Defendant did not enter his plea knowingly, voluntarily and intelligently is directly at odds with the representations Defendant made to the court at the time he accepted his plea.

22. Defendant's answers on the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Defendant knowingly, voluntarily and intelligently entered into the guilty plea.[27] A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[28]

23. At the plea colloquy, Defendant represented to the court that he had read and understood the truth-in sentencing guilty plea form and the plea agreement, that he had reviewed them with his counsel, and that counsel answered all the questions that he had.[29] Defendant further represented that nobody was forcing him to enter his plea.

---

[25] Super.Ct.Crim.R. 61(a)(1).

[26] *State v. Costango,* 2002 WL 234748, at *1 (Del.Super.).

[27] Truth-In-Sentencing Guilty Plea Form dated November 17, 2014; Plea Agreement signed by Defendant on November 17, 2014; November 17, 2014 Plea Transcript.

[28] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).

[29] November 17, 2014 Plea Transcript, at pgs. 4-6.

6

Defendant represented that he was freely and voluntarily pleading guilty to the charge listed in the plea agreement. Defendant represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.[30] Defendant also represented that he was satisfied with his counsel's representation.[31]

24. Only after finding that Defendant's plea was entered into knowingly, intelligently and voluntarily, did the court accept the plea.[32]

25. Defendant has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy, Plea Agreement or answers on the Truth-In Sentencing Guilty Plea Form. Any claim that Defendant's plea was not voluntary is without merit.

26. It is also important to emphasize that Defendant received a significant benefit by pleading guilty and being spared significantly more jail time, if his suppression motion was unsuccessful and he was convicted. Defendant's guilty plea represented a rational choice given the pending charges, the evidence against him, and the possible sentence he was facing.

27. As to the claims that Defendant raised in this motion, that he should have been placed into the court's mental health program and that his Level IV time should be removed or reduced, these claims were already raised and considered by the Superior Court in Defendant's motions for reduction/modification of sentence.[33] The Superior Court already held that it was aware of Defendant's history of mental illness at the time of sentencing but that Defendant was not a candidate for the court's mental health

---

[30] November 17, 2014 Plea Transcript, at pg. 5-6; Truth-In-Sentencing Guilty Plea Form dated November 17, 2014.
[31] Truth-In Sentencing Guilty Plea Form dated November 17, 2014.
[32] November 17, 2014 Plea Transcript, at pg. 6-7.
[33] See, Superior Court Docket Nos. 30 & 42.

7

program due to his criminal history which included violent felonies.[34] The court also stated in Defendant's first motion for sentence reduction[35], and then reiterated in Defendant's second motion for sentence reduction[36], that Defendant's mental health issues were considered at the time of sentencing and where factored into the analysis when fashioning the sentence. The court stated, and then reiterated, that the sentence imposed was appropriate for all the reasons stated at the time of sentencing.[37]

28. To the extent the claims are even cognizable under Superior Court Criminal Rule 61, Superior Court Criminal Rule 61(i)(4) precludes this court's consideration of the claims presented herein since they have already been formally adjudicated in Defendant's motions for sentence reduction/modification. These claims are now procedurally barred.

29. Even though the claims may be restated and refined, or recouched as an ineffective assistance of counsel claim, the claims remain procedurally barred. The Superior Court is not required to re-examine any claim that received "substantive resolution" at an earlier time simply because the claim is now refined, restated or relabeled as an ineffective assistance of counsel contention.[38]

30. In addition to being procedurally barred, the claims are also without merit.

31. Defendant's claim that due to his counsel's ineffectiveness he was not sentenced to the court's mental health program is procedurally barred and without merit. Defendant contends that his counsel did not bring his mental illness to the court's attention and that counsel should have demanded a mental health evaluation. In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged

---

[34] Superior Court Docket Nos. 30 & 42.
[35] Superior Court Docket No. 30.
[36] Superior Court Docket No. 42.
[37] Superior Court Docket Nos. 30 & 42.
[38] *Johnson v. State,* 1992 WL 183069, *1 (Del.Super.)

*Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[39] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[40]

32.     In this case, Defendant, personally, as well as Defendant's trial counsel, made the court aware of Defendant's mental health issues at the time of sentencing.[41] In addition, the presentence investigative report prepared prior to sentencing also addressed Defendant's mental health issues. The court was aware of Defendant's mental health issues at the time of sentencing.[42]    Indeed, the court explained that it was aware of Defendant's mental health issues at the time of sentencing and took those issues into consideration when fashioning the sentence.[43]

33.     Defendant was not eligible for the court's mental health program given his prior criminal history which included violent felonies. Defendant has failed to meet either prong of the *Strickland* test.   Defendant has not established that his counsel was deficient in any regard nor has he established that he suffered any actual prejudice as a result thereof. Nothing more Defendant's trial counsel could have done would have given Defendant the remedy he now seeks- placement in the court's mental health program. Defendant was not a candidate for that program.   It is noted, however, that Defendant's trial counsel was able to secure for Defendant one year less incarceration than even he

---

[39] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[40] *Id.* at 687-88, 694.
[41] May 1, 2015 Sentencing Transcript, at pgs. 6, 8-10.
[42] May 1, 2015 Sentencing Transcript, at pgs. 13-14.
[43] Superior Court Docket No. 42.

recommended. Defendant's trial counsel was not deficient in any regard. This claim to the extent it implicates Rule 61 is without merit.

34. Defendant's claims are not cognizable under Rule 61. Neither claim attacks the conviction entered after Defendant's guilty plea. Defendant was not eligible for the court's mental health program due to his prior criminal history and nothing his counsel could have done would have changed this result. The claim that Defendant does not want to serve his Level IV period of probation because it could interfere with future employment prospects is a request for modification of sentence. Defendant's sentence was reviewed by the court in response to his motions for modifications of sentence. The sentence imposed was found to be appropriate for all the reasons stated at the time of sentence. These claims are also procedurally barred and without merit.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be denied.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc:     Prothonotary
          Paul R. Flockerzie, Esquire

10